IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| S.D., and *ex rel.* D.D. and *Next Friend of* M.D | Case No. 6:17-cv-00770-JR **OPINION AND ORDER** |
| Plaintiff, | |
| vs. | |
| CLIDE SAIKI, *et al.*, | |
| Defendants. | |

AIKEN, District Judge:

Pro se plaintiff, S.D., moves this Court for a preliminary injunction against the Oregon Department of Human Services ("DHS") enjoining it from making any reductions of in-home services funded by the agency and restoring full benefits to any consumer whose benefits have been reduced. For the reasons set forth herein, the motion for preliminary injunction is DENIED and plaintiff's amended complaint is ordered DISMISSED, without prejudice.

/ / /

/ / /

## Background

Pro se plaintiff S.D., proceeding *in forma pauperis*, brings this action against various employees of the Oregon Department of Human Services ("DHS"). On May 23, 2017, the Court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim pursuant to 28 U.S.C. § 1915(e). On June 27, 2017, the Court denied plaintiff's motion for appointment of pro bono counsel (doc. 8) because the underlying facts and legal issues did not appear to be overly complex, and plaintiff's briefing demonstrated an ability to sufficiently articulate claims pro se. On July 7, 2017, the Court granted plaintiff an extension of time to file an amended complaint.

On July 24, 2017, plaintiff filed an Emergency Motion (doc. 15), in which she argued that she was unable to meet the deadline to amend her pleadings. She also therein objected to an attached Oregon Court of Appeals Judgement because it "did not allow costs" and "is being used to inflict intentional emotional harm [and] distress in retaliation for filing this case." Pl.'s Emergency Mot. 2. On July 25, 2017, plaintiff moved for reconsideration of the Court's denial of pro bono counsel because she had "reasonable cause to believe" defendants were "guilty of plotting to deport her husband or her child," such that she needs "a preliminary injunction/restraining order against the defendants," which she could not obtain "without legal assistance." Pl.'s Mot. Recons. 2. In support of that motion, plaintiff attached docket entries from this case, as well as hundreds of pages of documents from Oregon administrative and state court proceedings.

On August 9, 2017, the Court denied plaintiff's Emergency Motion and Motion for Reconsideration, except to the extent that the latter sought to file the underlying documents under seal, and allowed plaintiff one final opportunity to file a complaint that was not precluded by the *Rooker-Feldman* doctrine and complied with the requirements of Fed. R. Civ. P. 8(a).

Specifically, the Court explained that it lacked subject matter jurisdiction under *Rooker-Feldman* to: (1) sit in direct review of a state court; or (2) consider any claim that amounts to a collateral attack on issues, constitutional or otherwise, that were or could have been raised during, or are intertwined with, a state court decision. (doc. 18).

On September 8, 2017, plaintiff filed an amended class action complaint on behalf of herself, her husband ("D.D."), and her minor child ("M.D."), encompassing 38 pages, 166 paragraphs, and eight claims asserted against 21 individually-named defendants (doc. 20). In conjunction with her amended complaint, plaintiff moved for a preliminary injunction that, among other things, requested that the Court "enter an order halting further reductions in in-home services by DHS and restoring full benefits of any consumer whose benefits DHS reduced." Pl.'s Mot. Preliminary Inj. 33. In seeking a preliminary injunction, plaintiff attaches many of the same state court documents previously submitted in regard to her Motion for Reconsideration.

## DISCUSSION

Initially, plaintiff's claims contain very few underlying factual allegations and, as such, presumably incorporate by reference the preceding 118 paragraphs. Importantly, plaintiff does not delineate which of the twenty-one individually-named defendants her claims are asserted against. For this reason alone, plaintiff fails to satisfy Fed. R. Civ. P. 8(a) and dismissal pursuant to 28 U.S.C. § 1915(e) is warranted. *See McHenry v. Renne*, 84 F.3d 1172, 1176-78 (9th Cir. 1996) (each averment of a pleading must be simple, concise, and direct, stating which defendant is liable for which wrong); *see also* (doc. 5) (outlining the standard for an *in forma pauperis* complaint to survive dismissal).

Equally problematic is the fact that plaintiff's amended complaint appears to be, with certain minimal additions, a direct copy of the dispositive pleading from *C.S. et al. v. Saiki et. al.*, Case No. 6:17-cv-00564-MC ("*C.S. v. Saiki*"), which was drafted by an attorney and brought on behalf of a putative class. Although plaintiff names D.D. and S.D. in her amended complaint and seeks class certification, she has not identified any injury outside of that already articulated in *C.S. v. Saiki* (except to the extent that she seeks to challenge state court proceedings related to the reduction of D.D.'s benefits and, by extension, her compensation as an in-home care provider; however, as noted in the August 9, 2017 Order, the Court lacks subject-matter jurisdiction over these allegations). For this additional reason, her amended complaint fails.

Finally, plaintiff lacks standing to bring claims on behalf of D.D. or M.D. Regarding M.D., it is well-established that "a guardian or parent may not bring suit in federal court on behalf of a minor without first retaining an attorney." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997)). Concerning both M.D. and D.D., "[a]s a general rule, a third-party does not having standing to bring a claim asserting a violation of someone else's rights." *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1050 (9th Cir. 2009) (citation omitted). Accordingly, because plaintiff is not represented and neglected to provide the Court with any basis that would allow her to assert third-party claims, her allegations brought on behalf of D.D. and M.D. are not cognizable. Indeed, D.D. is over the age of eighteen and, therefore, if he seeks redress for the injuries alleged in plaintiff's complaint, he may proceed pro se on his own behalf. 28 U.S.C. § 1654; *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("[a]lthough a non-attorney may appear in propria persona in his own behalf . . . [h]e has no authority to appear as an attorney for others than himself") (citations omitted).

*Motion for Preliminary Injunction*

In order to succeed on a motion for preliminary injunction, a plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985).

A preliminary injunction is not warranted in this case for several reasons. First, a district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and quotation omitted). Because plaintiff's complaint has failed to survive initial *sua sponte* screenings, the United States Marshal has not yet been directed to effect service on her behalf. The named defendants do not have actual notice of either the complaint or the motion for preliminary injunction. Thus, this Court has no personal jurisdiction over any named defendants.

Second, as noted above, in conducting a *sua sponte* screening of plaintiff's amended complaint, this Court has found that it does not state a claim upon which relief can be granted and dismissed it, without prejudice, pursuant to 28 U.S.C. § 1915(e). Therefore, plaintiff has necessarily failed to show, for purposes of justifying preliminary injective relief, any likelihood of success on the merits of her claims at this time. Moreover, Plaintiff has not alleged the type of immediate and irreparable harm necessary for an injunction to issue. To meet Federal Rule of

Civil Procedure 65's "irreparable injury" requirement, plaintiff must do more than simply allege imminent harm; she must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires that she allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(A).

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter*, 555 U.S. at 23. Given the status of plaintiff's pleadings and the lack of notice to the named defendants, a preliminary injunction shall not be ordered at this time.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for Preliminary Injunction (doc. 21) is DENIED. Further, Plaintiff's amended complaint is DISMISSED, without prejudice. Plaintiff is allowed 30 days from the date of this order to file a complaint that complies with the requirements of Fed R. Civ. P. 8(a). Failure to file an amended complaint as ordered will result in the dismissal of this action, with prejudice. The Court *sua sponte* orders a pro bono appointment of counsel be made for the specific and limited purpose of reviewing the case with plaintiff and discussing options to proceed. This appointment shall not exceed 3 hours in length.
IT IS SO ORDERED.

Dated this 21st day of September, 2017.

_____
Ann Aiken
United States District Judge